THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
MAX B. SHINER (Cal. State Bar No.: 187125)
Special Assistant United States Attorney
Violent & Organized Crime Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3308
Facsimile: (213) 894-3713
E-mail: max.shiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW MARTIN,<br>aka "Matthews Martin,"<br>aka "Mathew Martin,"<br><br>Defendant. | CR No. ________________<br><br>PLEA AGREEMENT FOR DEFENDANT MATTHEW MARTIN |

1. This constitutes the plea agreement between MATTHEW MARTIN, also known as ("aka") Matthews Martin, aka Mathew Martin ("defendant"), and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

PLEA

2. Defendant agrees to plead guilty to Count One of the

indictment in United States v. Matthew Martin, CR No. 08-1064-GAF.

NATURE OF THE OFFENSE

3. In order for defendant to be guilty of Count One, which charges a violation of Title 18, United States Code, Section 922(g), the following must be true:

(1) Defendant knowingly possessed a firearm and/or ammunition;

(2) The firearm and/or ammunition had been shipped or transported from one state to another or from a foreign nation to the United States; and

(3) At the time defendant possessed the firearm or ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year or a misdemeanor crime of domestic violence.

Defendant admits that defendant is, in fact, guilty of this offense as described in Count One of the indictment.

PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g), is 10 years imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

8. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 12 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On April 15, 2008, defendant was present in front of his residence at 643 West Bennett Street, in the City of Compton, County of Los Angeles, within the Central District of California.

At that time and place, defendant knowingly possessed, in his residence, firearms, namely, a Smith & Wesson model 40 .38

caliber revolver, bearing serial number 4469, and a Beretta model 950BS .25 caliber semi-automatic pistol, bearing serial number BU61282V, and ammunition, namely, five rounds of Winchester-Western .38 caliber ammunition, five rounds of PMC .38 caliber ammunition, and five rounds of CCI .25 caliber ammunition.

The Smith & Wesson model 40 .38 caliber revolver, bearing serial number 4469, and the Beretta model 950BS .25 caliber semi-automatic pistol, bearing serial number BU61282V, which defendant possessed, had been shipped from another state to the State of California. The five rounds of Winchester-Western .38 caliber ammunition, five rounds of PMC .38 caliber ammunition, and five rounds of CCI .25 caliber ammunition, which defendant possessed, had also been shipped from another state to the State of California.

At the time defendant possessed the Smith & Wesson model 40 .38 caliber revolver, bearing serial number 4469, the Beretta model 950BS .25 caliber semi-automatic pistol, bearing serial number BU61282V, the five rounds of Winchester-Western .38 caliber ammunition, the five rounds of PMC .38 caliber ammunition, and the five rounds of CCI .25 caliber ammunition, he had been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Assault With a Deadly Weapon or Force Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Los Angeles, in case number TA032917, on or about January 18, 1995.

///

///

WAIVER OF CONSTITUTIONAL RIGHTS

9. By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF DNA TESTING

10. Defendant has been advised that the government has in its possession the following items of physical evidence that could be subjected to DNA testing: a Smith & Wesson model 40 .38 caliber revolver, bearing serial number 4469, a Beretta model 950BS .25 caliber semi-automatic pistol, bearing serial number BU61282V, a Remington model 12 .22 caliber rifle, bearing serial number 715377, a Winchester model 1300 Defender 12-gauge shotgun, bearing serial number L2878216, five rounds of Winchester-Western .38 caliber ammunition, five rounds of PMC .38 caliber ammunition, five rounds of CCI .25 caliber ammunition, 429 rounds of Remington .22 caliber ammunition, five rounds of Fiocchi 12-gauge ammunition, six rounds of Remington 12-gauge ammunition, and one round of Winchester 12-gauge ammunition. Defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in Title 18, United States Code, Section 3600. Knowing and understanding defendant’s right to request DNA testing, defendant voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right,

defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under Title 18, United States Code, Section 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

SENTENCING FACTORS

11. Defendant understands that the Court is required to consider the factors set forth in Title 18, United States Code, Section 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other Section 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 20 | [U.S.S.G. § 2K2.1(a)(4)(A)] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1] |
| Total Offense Level | : | 17 | |

Subject to paragraph 15, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the Criminal History Category, be imposed. The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history. Defendant understands and agrees, however, that defendant's base offense level could be increased if defendant has any additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1 other than that referred to in paragraph 8. In the event that defendant's base offense level is so altered, the parties are not bound by the base offense level stipulated to above.

13. There is no agreement as to defendant's criminal history or criminal history category.

14. Defendant, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

15. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to

maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

16. Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

17. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up

to and including the time of sentencing, to recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

c) To recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range provided that the total offense level as calculated by the Court is 17 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines imprisonment range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

BREACH OF AGREEMENT

18. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

19. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

LIMITED MUTUAL WAIVER OF APPEAL

20. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 17, and the applicable criminal history category as determined by the Court.

Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by Title 18, United States Code, Sections 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by Title 18, United States Code, Section 3563(b)(7).

21. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 17, and the applicable criminal history category as determined by the Court.

COURT NOT A PARTY

22. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one –- not the prosecutor, defendant's attorney, or the Court –- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

23. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

Max Shiner 3/23/09

MAX B. SHINER
Special Assistant United States Attorney

Date

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions and factors to be considered by the Court for sentencing under Title 18, United States Code, Section 3553(a), and of the consequences of entering into this agreement. No promises or inducements have

been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

MATTHEW MARTIN
Defendant

3/23/09
Date

I am MATTHEW MARTIN's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in Title 18, United States Code, Section 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

FRED HEATHER
Counsel for Defendant MATTHEW MARTIN

3/23/09
Date