**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Fred D. Heather (SBN 110650)
fred.heather@klgates.com
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com

Attorneys for Matthew Martin

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW MARTIN,<br><br>　　　　　Defendant. | Case No. CR 08-01064-GAF<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING FINAL REVOCATION OF SUPERVISED RELEASE/SENTENCING**<br><br>Date: April 18, 2011<br>Time: 1:30 p.m.<br>Dept.: 740 |

## I. INTRODUCTION

Defendant Matthew Martin ("Martin"), by and through undersigned counsel, respectfully submits the following supplemental brief in aid of Final Revocation of Supervised Release/Sentencing in the above-captioned matter. For the reasons set forth below, Martin respectfully requests the Court refrain from revoking supervised release. As an alternative to revocation of supervised release, Martin respectfully requests he be permitted to be evaluated for, and participate in, the Substance Abuse Treatment and Reentry ("STAR") program, under the leadership of the Honorable Otis D. Wright II. In the event the Court revokes Martin's supervised release, the Court should impose a minimal term of imprisonment and, as set forth below, is not required to impose a consecutive term of imprisonment under 7B1.3(d) for the unserved period of Martin's community confinement.

## II. ARGUMENT

### A. The Recommended Sentence is Inappropriate Under These Circumstances

The Probation Department recommends a term of imprisonment of seven (7) months, followed by a twenty-four (24) month term of supervised release. Martin, however, has not tested positive for a controlled substance since November of 2010 and the substance that he allegedly possessed, Damiana leaf, for which he was terminated from the residential reentry center, is a legal substance. There is no evidence that Martin has used or possessed a controlled substance since November of 2010. Under the circumstances, a term of imprisonment of seven (7) months is inappropriate.

As an alternative to the recommended sentence, Martin respectfully requests he be permitted to be evaluated for, and participate in, the STAR program, which will enable him to address the underlying substance abuse issues.

///

///

1

## B. The Court is Not Required to Impose a Consecutive Term of Imprisonment for the Unserved Period of Community Confinement Under 7B1.3(d)

The Court is not required to impose a consecutive term of imprisonment for the unserved period of community confinement because 7B1.3(d) is merely advisory. Circuit and district courts have repeatedly recognized that the Chapter 7 Policy Statements, including 7B1.3(d), are advisory, not mandatory. *United States v. Work*, 409 F.3d 484, 492 (1st Cir. 2005); *United States v. Levi*, 2 F.3d 842, 845 (8th Cir. 1993); *see United States v. Gomez*, 845 F. Supp. 103, 104 (E.D. N.Y. 1994) (imposing sentence for time served for violating probation, despite recommendation of 15-21 months in prison under Chapter 7 Policy Statements).

For example, the First Circuit has explained that "[t]he portions of the sentencing guidelines dealing with revocation of supervised release are merely policy statements. Even before *Booker*, those guidelines were deemed advisory, rather than mandatory. They remain advisory to this date." *United States v. Work*, 409 F.3d at 492 (internal citations omitted). More than a decade earlier, the Eighth Circuit came to the same conclusion. In *United States v. Levi*, the Eighth Circuit explained that Chapter 7 Policy Statements, such as 7B1.3(d), are merely advisory and that district courts need only "consider" them when imposing sentences involving revocation of probation. *United States v. Levi*, 2 F.3d at 845 (finding that 7B1.3(d) was not "law" for purposes of the Ex Post Factor Clause).

Given that 7B1.3(d) is merely advisory, the Court is not required to impose a consecutive term of imprisonment for Martin's unserved period of community confinement. The Probation Department has improperly assumed that the Chapter 7 Policy Statements are mandatory. As stated above, they are not mandatory. Rather, they are merely advisory. Thus, the Court should not impose a consecutive term of imprisonment for the unserved period of community confinement.

///

## III. CONCLUSION

In light of the foregoing, Martin respectfully requests the Court refrain from revoking his supervised release, permit him to be evaluated for and participate in the STAR program, and refrain from imposing a consecutive term of imprisonment for his unserved period of community confinement.

K&L GATES LLP

Dated: April 7, 2011    By: _____
Fred D. Heather
Christina N. Goodrich

Attorneys for Matthew Martin