ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MAX B. SHINER (Cal. State Bar No. 187125)
Special Assistant United States Attorney
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3308
    Facsimile:  (213) 894-3713
    Email: max.shiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-01064-GAF |
| Plaintiff, | GOVERNMENT'S POSITION RE: REVOCATION OF SUPERVISED RELEASE |
| v. | |
| MATTHEW MARTIN, | DATE: April 18, 2011<br>TIME: 1:30 p.m.<br>PLACE: Courtroom of the Honorable Judge Gary A. Feess |
| Defendant. | |

Plaintiff, United States of America, through its attorney of record, the United States Attorney's Office for the Central District of California, hereby files the Government's Position Re: Revocation of Supervised Release.

**I.**

**INTRODUCTION**

The government agrees with defendant that the Court is not required to impose a consecutive term of imprisonment for the unserved period of community confinement under U.S.S.G. § 7B1.3(d) because this section of the guidelines is advisory,

not mandatory.  Nevertheless, the government recommends the Court revoke supervised release and impose an appropriate term of incarceration as a consequence for defendant's repeated conduct in violation of the terms of supervised release.  The government has no objection to defendant's request that he be evaluated for participation in the Substance Abuse Treatment and Reentry ("STAR") program, provided the Court place defendant on a term of supervised release of 30 months from the date of revocation.

## II.

## FACTS

On July 13, 2009, defendant was sentenced to time served and placed on supervised release for a period of three years, including a condition that he participate for a period of six months in a home detention program, participate in an outpatient substance abuse treatment and counseling program, and submit to drug testing, among other conditions.  In August 2009, defendant used marijuana; however, the Court approved the probation officer's recommendation that no formal action be taken.  In October 2009, the Court again approved the probation officer's recommendation that no formal action be taken in response to defendant's continued use of marijuana in August 2009.  In January 2010, defendant was arrested for driving under the influence of alcohol, for which he later sustained a misdemeanor conviction.  The Court approved the probation officer's recommendation that no formal action be taken in response.  In September 2010, the Court modified defendant's supervised release

///

to include participation in a residential reentry center for six months.

The violation conduct consists of the following:  On October 5, 2010 and November 18, 2010 defendant submitted urine specimens which tested positive for marijuana.  On four occasions in November 2010, defendant failed to report for outpatient substance abuse counseling.  On February 3, 2010, defendant was terminated from the residential reentry center for possessing Damiana Leaf, a "marijuana like" substance, in violation of the Bureau of Prisons' and the center's regulations.

In the past six months, defendant has tested positive for marijuana on six occasions, failed to participate in substance abuse treatment, failed to appear for random drug testing, and was convicted for driving under the influence of alcohol.

### III.

### RECOMMENDATION

Due to defendant's repeated failures to take advantage of the treatment options available to him under the current conditions of supervised release, the probation office recommended a custodial sentence.  The government concurs that a term of custody is necessary to impress upon defendant the seriousness of the situation and the need to comply with the terms of supervised release, given his repeated failures to date.  Section 7B1.3(d) requires imposition of any unserved period of community confinement, which may be converted to an equivalent period of imprisonment.  Four months and five days of unserved
///

community confinement remain to be imposed.  However, this section is advisory, not mandatory.

Defendant requests to be evaluated for participation in the STAR program.  The government agrees that evaluation for participation in the STAR program would be beneficial.  However, the government requests that defendant be placed on supervised release for a period of 30 months, as the currently remaining term of supervised release is too short to allow for effective participation in the STAR program.

**IV.**

**CONCLUSION**

The government recommends supervised release be revoked, defendant be incarcerated for a short period commensurate with the need to impress upon him the need to comply with the drug treatment program, that supervised release be re-imposed for a period of 30 months, and that defendant be evaluated for participation in the STAR program.

Date: April 11, 2011,   ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____/S/_____
MAX B. SHINER
Assistant United States Attorney
Violent & Organized Crime Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2